NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONARD JOSHUA-STONE, | Civil Action No. 06-4914 (SDW) |
| Plaintiff, | |
| v. | **OPINION** |
| DONALD MEE, ET AL., | |
| Defendants. | July 31, 2008 |

**WIGENTON**, District Judge.

Before the Court is a Notice of Appeal ("Appeal") of Magistrate Judge Arleo's Order dated April 15th, 2008 ("Magistrate Judge Arleo's Order" or "Order")[1] by *pro se* plaintiff Leonard Joshua-Stone ("Plaintiff"), in this matter against defendants Donald Mee, et al ("Defendants").

For the reasons set forth below, the Court will deny Plaintiff's Appeal and affirm Magistrate Judge Arleo's Order.

**Procedural History**

Magistrate Judge Arleo's Order denied Plaintiff's request for an order seeking to conduct discovery, but directed the U.S. Marshal to serve the Summons, Amended Complaint, and the Order upon all newly added defendants and all other defendants.[2] Plaintiff's Appeal of the Order was filed

---

[1] This is docket entry #52.

[2] This is docket entry #49.

on May 12, 2008.

**Legal Standard**

The Federal Magistrates Act provides two separate standards of judicial review: (1) "de novo" for magistrate resolution of dispositive matters, *see* 28 U.S.C. § 636(b)(1)(B)-(C), and (2) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Rule 72.1(a) of the Local Rules of the United States District Court for the District of New Jersey; *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108 (3d Cir. 1986). Because the issues raised by the defendant are nondispositive matters, this Court can set aside a magistrate judge's order only if it is clearly erroneous or contrary to law.

A finding is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on consideration of the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Lo Bosco v. Kure Engineering Ltd.*, 891 F.Supp. 1035, 1037 (D.N.J.1995) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Third Circuit has interpreted this to mean that the appellate court must accept the factual determination of the fact finder unless that determination "either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." *Haines v. Liggett Group Inc.*, 975 F.2d 81, 92 (3d Cir. 1992)(quoting *Krasnov v. Dinan*, 465 F.2d 1298, 1302 (3d Cir.1972)). Under the clearly erroneous standard of review, the reviewing court will not reverse the magistrate judge's determination "'even if the court might have decided the matter differently.'" *Cardona v. General Motors Corp.*, 942

F.Supp. 968, 971 (D.N.J. 1996) (quoting *Toth v. Alice Pearly, Inc.*, 158 F.R.D. 47, 50 (D.N.J. 1994) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985))).  In reviewing a magistrate judge's factual determinations, a district court may not consider any evidence which was not presented to the magistrate judge. *See Haines*, 975 F.2d at 92; *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 213 (D.N.J.1997).

**Discussion**

Magistrate Judge Arleo's Order is not "clearly erroneous" or "contrary to law."  Magistrate Judge Arleo denied Plaintiff's Motion without prejudice and the Order specifically provided that Plaintiff may "refile his Motion thirty days (30) after all of the defendants have answered the Amended Complaint." (Magistrate Judge Arleo's Order at 1.)  It is noted that Plaintiff's Amended Complaint named approximately sixty-seven additional defendants who would be served and given the opportunity to answer the allegations.  Contrary to Plaintiff's assertion that Magistrate Judge Arleo's decision "forbids [him] from prosecuting [his] case", the action taken provides that Plaintiff may refile his Motion.  (Appeal at 1.)  This will allow the matter to proceed in due course.

**Conclusion**

For the reasons set forth above, the Court will deny Plaintiff's Appeal and affirm Magistrate Judge Arleo's Order.

s/Susan D. Wigenton, U.S.D.J.

cc: Madeline Cox Arleo, U.S.M.J.